OPINION
{¶ 1} Defendant-appellant Karen E. Polley ("wife") appeals the January 2, 2003 Judgment Entry of the Ashland County Court of Common Pleas, Domestic Relations Division, which overruled her Civ.R. 60(B) motion for relief from judgment and adopted the magistrate's December 2, 2002 Decision as the order of the court. Plaintiff-appellee is Larry R. Polley ("husband").
 STATEMENT OF THE FACTS AND CASE {¶ 2} Husband and wife were married on October 16, 1976, in Smithville, Ohio. Two children were born as issue of said union, both of whom are now emancipated. On May 9, 2001, husband filed a Complaint for Divorce in the Ashland County Court of Common Pleas, Domestic Relations Division. Wife filed a timely answer and counterclaim.
 {¶ 3} Via Pretrial Scheduling Order filed June 13, 2001, the trial court scheduled a pretrial conference for October 5, 2001. The Order advised the parties the conference would be before the magistrate pursuant to Local DR R. 8. The Order instructed the parties to obtain and exchange certain information at least seven days prior to the pretrial. The discovery ordered included pension information from the parties' respective employers; an itemization of all items of property, tangible or intangible, owned by each or both parties, with a designation as to what is marital and/or separate property; and appraisals of any assets of the parties for which the value is or may be in dispute.
 {¶ 4} Husband filed a pretrial statement on October 1, 2001, stating:
 {¶ 5} "[Husband] has a life insurance policy through Prudential Financial with a cash value of approximately $5000.00. [Husband] does not know where [wife's] two life insurance polices [sic] are or what are their values due to [wife] not disclosing the amount to [husband] yet as discovery is in the process. This issue may still be in dispute." In her pretrial statement, wife reported the existence of a life insurance policy issued by Prudential Insurance Company with a value of approximately $2,300.
 {¶ 6} Via Pretrial Hearing Order filed October 9, 2001, the trial court ordered the parties to provide opposing counsel or the court with an exhibit list as well as copies of exhibits each intended to utilize during the trial. The matter proceeded to final hearing before the magistrate on February 11, 2002. Via Magistrate's Decision filed May 23, 2002, the magistrate issued his decision which included a division of marital property and debt. Pursuant to the decision, wife was to transfer full ownership rights of Prudential Life Policy No. 39372618 to husband. Said policy had a value of $5,000. The magistrate awarded Prudential Life Policy No. 62870983 with a value of $10,000 to wife. Wife filed objections to the magistrate's decision. Wife, however, did not object to the distribution of the insurance policies.
 {¶ 7} The trial court issued its Judgment Entry: Decree of Divorce on September 20, 2002. The trial court distributed the life insurance policies as recommended by the magistrate in his May 23, 2002 Decision. Wife did not appeal this judgment entry, but filed a Motion to Correct Error in Previous Decision on September 25, 2002. In that motion, wife advised the trial court policy no. 6287093 awarded to her only had a cash surrender value of only $251.37, instead of the $10,000 value the trial court placed on it, and policy no. 39372618 awarded to husband, valued at $5,000, had a value of $2,520.37. Wife requested the trial court correct the value of said awards and require husband to compensate her for the difference. Wife filed an Amended Motion to Correct Error in Previous Decision on September 30, 2002.The matter came for hearing before the Magistrate's Decision filed December 2, 2002, the magistrate determined wife was not entitled to relief from judgment as she had failed to establish her "neglect" was "excusable" within the meaning of Civ.R. 60(B). Wife filed objections to the magistrate's decision, which t